Jaime Luis ZAMORA-MALDONADO, AKA Jaime Zamora, AKA Jaime Louis Zamora, AKA Jaime Luis Zamora, AKA Jaine Luis Zamora, AKA Jimmy Luis Zamora, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 14-74045

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 [*]

Filed December 20, 2016

Angela Y. Suh, Attorney, Law Office of Angela Y. Suh, Los Angeles, CA, for Petitioner

Jesse Lloyd Busen, Trial Attorney, Kohsei Ugumori, Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM [**]

Jaime Luis Zamora-Maldonado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo due process claims. *Colmenar v. I.N.S.*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The record does not support Zamora-Maldonado's contention that he was denied a full and fair hearing. *See id.* (due process claims require showing that proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case") (internal quotation marks and citation omitted); *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (petitioner "had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.